IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ELIZABETH P. BACA,

        Plaintiff,

vs.                                            No. CIV 10-927 RB/WDS

MICHAEL J. ASTRUE, Commissioner
of the Social Security Administration,

        Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION[1]

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Docs. 14, 15], Defendant's Response [Doc. 16], Plaintiff's Reply [Doc. 19], the administrative record and applicable law, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

### Background

Plaintiff was born on June 6, 1966 and has past relevant work experience as a healthcare aide and cake icer. Tr. 153. Plaintiff applied for benefits on July 9, 2008. Tr. 107-9, 110-114. She

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

alleged that she became disabled as of February 21, 2008. *Id.* Plaintiff alleged that she was disabled as a result of second degree spondylolisthesis of L5 on S1, lumbar scoliosis, chondromalacia of the left knee, chronic pain, obesity, major depressive disorder, and anxiety disorder. (Tr 187, 200-202, 204-206). Plaintiff's application was denied at the initial level, Tr. 45, 46, and at the reconsideration level. Tr. 48, 49. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ"). Tr. 61.

A hearing was held before ALJ Dan Dane, who heard testimony from Plaintiff and a Vocational Expert ("VE"). Tr. 23-40. The ALJ entered a decision finding Plaintiff not disabled. Tr. 6-19. Plaintiff then filed a request for review of the ALJ's decision with the Appeals Council, and the Appeals Council denied the request for review, Tr. 1-5, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### Standard of Review and Applicable Law

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart,* 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However,

evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the RFC "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984)).

## Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity. Tr. 11.  The ALJ found at step two that Plaintiff had the severe impairments of hypertension, obesity, hypothyroidism, minimal degenerative joint disease of a weight bearing joint, status-post arthroscopic knee surgery, depression, and anxiety disorder. Tr. 11. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings.  Tr. 13.  At step four, the ALJ concluded that Plaintiff had the RFC to perform light work:

> . . .except she can only stand or walk 3-4 hours out of an 8 hour workday, she can sit for up to 6 hours of an 8 hour workday, and she may not perform repetitive stooping. Her depressive disorder and GAF$^2$ of 55 must be taken into consideration; she must have limited interaction with coworkers.

Tr. 13.

Given the RFC assessment, the ALJ found that Plaintiff could not perform her past relevant work as a healthcare aide or cake decorator. Tr. 16.  The ALJ concluded at step five that the Plaintiff

> could perform the requirements of representative occupations such as small product assembler which is light and unskilled with 70,000 such jobs in the national economy and 1500 in New Mexico; and a folding machine operator which is light and unskilled with 50,000 such jobs in the national economy and 1200 in New Mexico.

Tr. 17.

Plaintiff alleges the following errors: (1) the ALJ's residual functional capacity (RFC) Assessment is unsupported by and conflicts with substantial medical evidence; (2)  the ALJ's pain and credibility assessments is unsupported by substantial evidence and failed to apply the legal analysis set-forth under Luna and SSR 96-7p; and (3) the ALJ's step-five findings do not amount

---

$^2$GAF:  Global Assessment of Functioning, a scale that considers psychological, social and occupational functioning on a hypothetical continuum of mental illness.

to substantial evidence where the ALJ failed to include all of Plaintiff's limitations in questioning of the vocational expert.

## Discussion

**1.  Whether The ALJ's Residual Functional Capacity (RFC) Assessment is Unsupported by and Conflicts With Substantial Medical Evidence.**

Plaintiff alleges that the ALJ's RFC assessment conflicts with substantial evidence and also with the ALJ's own assessed functional limitations.  Specifically, Plaintiff notes that SSR 83-10 states that the "full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour day."  The ALJ limited Plaintiff's RFC to standing or walking three to four hours in an eight hour workday.  Plaintiff alleges that the ALJ "took no steps to rectify this conflict," thereby committing legal error.

The Court does not agree totally with Plaintiff's argument, as the ALJ did not try to assert that Plaintiff could perform a "full range" of light work.  The ALJ's hypothetical to the Vocational Expert (VE) included the walk/stand for three to four hours limitation.  However, there was only one question to the VE, which included all limitations, and no follow up questioning by the ALJ to clarify for the record that the VE was addressing the conflict between the full range of light work and Plaintiff's RFC.  To the contrary, in responding to the ALJ's hypothetical, the VE merely cited from the Dictionary of Occupational Titles ("DOT"), giving the number of small products assembler and folding machine operator jobs in the national and New Mexican economy.

An ALJ's decision must be evaluated solely on the reasons stated in the [ALJ's] decision. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004).  An ALJ's failure to "provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005)(quotation

omitted).  It would only require a few extra questions to clarify the record and make it reviewable by the Court, for example by asking how many hours of standing and walking could be expected in the two jobs cited by the ALJ.

In addition, the Court agrees that the ALJ did not adequately comply with the requirements of *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  The ALJ stated on page 7 of his decision (Tr. 15) that he gave great weight to the State agency's finding regarding Plaintiff's physical residual capacity, i.e., lift 10 pounds frequently and 20 pounds occasionally.  However, the ALJ did not address the weight that he gave to Plaintiff's surgeon, who limited Plaintiff to lifting 10 pounds.  As this Court has stated numerous, times, the Tenth Circuit has made it abundantly clear that they expect compliance with the *Watkins* factors.

Finally, the Court notes that the ALJ states in his RFC that Plaintiff's "depressive disorder and GAF of 55 must be taken into consideration."  This is an unreviewable finding.  The Court has no idea what it means to take a depressive disorder into consideration, as it appears to present a completely subjective criteria.  On the other hand, while perhaps not perfect, the familiar paragraph B and C criteria are at least an attempt to objectively quantify a mental RFC so that a reviewing court has a chance to determine whether appropriate legal principles have been followed.  While the Plaintiff overstates the highly equivocal conclusions of Dr. Steinman regarding Plaintiff's ability to carry out instructions and adapt to routine changes in the workplace, it is impossible to the Court to determine what, if any, part of Dr. Steinman's findings are subsumed by the RFC finding cited above.  Accordingly, for all of the above reasons this matter will be remanded to the Commissioner for further proceedings.

**2. Whether The ALJ's Pain And Credibility Assessments was Unsupported by Substantial Evidence and Failed to Apply The Legal Analysis Set-Forth Under *Luna* And SSR 96-7p.**

Plaintiff's primary complaint in this regard is the ALJ's treatment of her back pain. The Plaintiff argues that despite findings of scoliosis, spondylolisthesis, and narrowing and degenerative change of the disk space at the lumbosacral junction, the ALJ did not find Plaintiff to have a "severe" problem with her lower back at Step 2 of the five step sequential process. It is not clear to the Court whether the Step 2 finding of "minimal degenerative joint disease" applies to Plaintiff's back, knee, or both. The ALJ did give great weight to the state agency's findings (Exhibit 7F) that included a finding of spondylolisthesis and a recommendation of limiting lifting to 20 pounds with no repetitive bending. In view of the fact that this matter is being remanded on other grounds, the Commissioner is directed to clarify the assessment of Plaintiff's complaints of back pain.

**3. Whether The ALJ Failed to Include All of Plaintiff's Limitations in Questioning of The Vocational Expert.**

Here, Plaintiff argues that the findings of Dr. Steinman were not included in the hypothetical provided to the VE. The Court has addressed this issue above, noting that Dr. Steinman's findings were not nearly so unequivocal as Plaintiff suggests, but noting that they were at least couched in the objective terms that are part of the paragraph b and c criteria. No further discussion of the matter is warranted.

**Conclusion**

For the foregoing reasons, the Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

_____
**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**